**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALAIKA WILLIAMS,<br>*Plaintiff,*<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>*Defendant.* | CIVIL ACTION<br>NO. 26-1367 |

**Pappert, J.** **October 22, 2026**

**MEMORANDUM**

*Pro se* plaintiff Malaika Williams sued JPMorgan Chase Bank, N.A., for reducing the credit limit on her account. Her Third Amended Complaint alleged violations of the Equal Credit Opportunity Act (Count I), the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count II), the Fair Credit Extension Uniformity Act (Count III), fraudulent and negligent misrepresentation (Counts IV and V), and unjust enrichment (Count VI). The Court granted Chase's motion to dismiss the case with prejudice, and Williams timely moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) only as to Count I. The Court denies her motion.[1]

[1] Section I.A. of the Court's Policies and Procedures requires any attorney or *pro se* party who uses generative artificial intelligence to prepare papers filed with the Court to disclose its use, identify the parts of the filings containing the generated content and the A.I. tool used and certify that every citation to the law or record was verified as accurate in accordance with Federal Rule of Civil Procedure 11. *See* https://www.paed.uscourts.gov/judges-info/district-court-judges/gerald-j-pappert.

Williams' motion, Memorandum of Law and Reply (Dkt. Nos. 32 and 34) are obviously prepared largely, if not entirely, using artificial intelligence and she has not complied with the Court's requirements. The Court resolves the motion on the merits rather than striking it from the docket and does not seek to sanction Williams. Going forward, should Williams file any papers with the Court without complying with the Court's Policies and Procedures, the Court will enforce those rules appropriately.

I

In November of 2023, Malaika Williams opened a Chase Freedom Unlimited credit card account. (TAC ¶ 5, Dkt. No. 26.) The card had an initial credit limit of $4,800 that Chase unilaterally increased in mid-2024 to $7,800. (*Id.* ¶ 8.) Williams purportedly made all her payments on time and used her account responsibly. (*Id.* ¶ 17.) She also claims she relied on her credit limit to manage expenses, earned cash back rewards, maintained her "credit utilization ratio at levels consistent with a strong credit profile," and withheld from applying for competing credit products. (*Id.* ¶ 9.)

On September 24, 2025, Chase sent Williams a letter through her online banking portal, explaining that it reduced the credit line on her account to $4,600. (*Id.* ¶ 18); (Sep. 24, 2025, Letter at 2, Dkt. No. 26-1.) According to the letter, the balances she owed on revolving accounts were "too high," and the balances on her accounts were "too high compared to credit limits." (Sep. 24, 2025, Letter at 2.) Chase included details about the credit bureau and credit score used in the decision, (*id.*), as well as an "EQUAL CREDIT OPPORTUNITY ACT NOTICE," which explained that "The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race. . . ." (*Id.* at 4.) Chase encouraged Williams to report new information that could be used to reevaluate the decision, (*id.* at 2), which she never did.

Chase's decision to decrease Williams' credit limit purportedly increased her credit utilization ratio, caused other card issuers to reduce her credit limits, limited her ability to earn unlimited cash back rewards, and inflicted "depression, anxiety,

insomnia, headaches, nausea, and loss of concentration as a direct result of Chase's conduct." (TAC ¶ 24.)

II

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration to alter or amend a judgment should be granted only where the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court [made its initial decision] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (citation modified and omitted). Reconsideration "should be granted sparingly" because "federal courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). The moving party may not "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

III

Williams apparently relies on (3), the need to correct a clear error of law or fact or to prevent manifest injustice. She claims to identify precedents and a statutory provision regarding her dismissed ECOA claim that the Court's Memorandum did not address. (Pl's Motion to Alter ¶ 11, Dkt. No. 32.)

The ECOA forbids creditors to "discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). To state a *prima facie* case under the statute, a plaintiff must allege she: (1) was a member of a protected

class, (2) applied for credit from the defendant, (3) was qualified for the credit and (4) was denied credit despite her qualifications. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010).

As the Court previously explained, Williams did not apply for a credit limit increase because Chase made all changes to her credit limit "unilaterally." (Sep. 9, 2026, Mem. Op. at 4–5, Dkt. No. 30.) The Court gave Williams multiple opportunities to amend her Complaint, but she failed to allege facts that she requested an extension, renewal, or continuation of credit from Chase, and the Court accordingly dismissed her ECOA claim with prejudice. (*Id.* at 5.) The cases and statutory provision that Williams now cites in her effort to relitigate a matter already decided are inapplicable.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.